1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CRYSTAL MORROW, THOMAS MORROW,

Plaintiffs,

v.

ETHICON, INC., JOHNSON & JOHNSON,

Defendants.

CASE NO. C20-5062 BHS

ORDER RESERVING RULING, RENOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND GRANTING PLAINTIFFS LEAVE TO FILE STATEMENT OF MATERIAL FACTS

This matter comes before the Court on Defendants Ethicon, Inc. and Johnson & Johnson's (collectively "Ethicon") motion for summary judgment. Dkt. 62. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby reserves ruling on the motion and grants Plaintiffs leave to file a statement of material facts as to the loss of consortium claim for the reasons stated herein.

Plaintiffs Crystal and Thomas Morrow ("Plaintiffs") bring claims against Ethicon arising out of Plaintiff Crystal Morrow's ("Mrs. Morrow") surgical implantation of TVT—a transvaginal mesh sling. Dkt. 1; Dkt. 64-1, Plaintiff Fact Sheet, at 2. Plaintiffs

ORDER - 1

bring a claim, *inter alia*, for Plaintiff Thomas Morrow's ("Mr. Morrow") loss of consortium. Dkt.1; *see also* Dkt. 53.

Loss of consortium is typically thought of as a "loss of society, affection, assistance and conjugal fellowship, and . . . loss or impairment of sexual relations" in the marital relationship. *Ueland v. Pengo Hydra-Pull Corp.*, 103 Wn.2d 131, 132 n.1 (1984) (citing *Black's Law Dictionary* 280 (5th ed. 1979)). In Washington, a loss of consortium claim is a separate and independent claim rather than a derivative claim. *Green v. A.P.C. (Am. Pharm. Co.)*, 136 Wn.2d 87, 101 (1998). A loss of consortium claim accrues when the spouse first experiences injury due to loss of consortium. *Reichelt v. Johns-Manville Corp.*, 107 Wn.2d 761, 776 (1987).

Ethicon argues that the loss of consortium claim is time-barred because Mrs. Morrow testified that her painful intercourse began in approximately 2002. Dkt. 62 at 6–7. Plaintiffs' only response to Ethicon's argument is that the loss of consortium claim is derivative of the Plaintiffs' design defect claim and therefore timely. Dkt. 64 at 12. Ethicon correctly states that Mr. Morrow's loss of consortium claim is a substantive rather than derivative claim. Dkt. 62 at 6. Moreover, Plaintiffs do not provide Mr. Morrow's declaration or any specific facts showing the existence of a genuine issue for trial regarding when the loss of consortium claim accrued.

In the absence of specific facts from the opposition, a court may grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(3); *see also Nilsson, Robbins, Dalgarn, Berliner, Carson & Wusrt v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988). But Rule 56(e) also allows for

1    a court to give the party "an opportunity to properly support or address the fact." Fed. R.

2    Civ. P. 56(e)(1). The 2010 Advisory Committee Notes to Rule 56(e) indicate that

3    generally courts should afford a party an opportunity to properly support their facts and

4    address their opponent's facts:

5         Subdivision (e) addresses questions that arise when a party fails to support
          an assertion of fact or fails to properly address another party's assertion of
6         fact as required by Rule 56(c). As explained below, summary judgment
          cannot be granted by default even if there is a complete failure to respond
7         to the motion, much less when an attempted response fails to comply with
          Rule 56(c) requirements. Nor should it be denied by default even if the
8         movant completely fails to reply to a nonmovant's response. Before
          deciding on other possible action, subdivision (e)(1) recognizes that the
9         court may afford an opportunity to properly support or address the fact. In
          many circumstances this opportunity will be the court's preferred first step.
10
     Fed. R. Civ. P. 56(e), 2010 Amendment, Advisory Committee Notes.
11
          The Court could, pursuant to Rule 56(e)(2) or (3), deem that the facts about Mr.
12
     Morrow's loss of consortium claim are undisputed and grant summary judgment in favor
13
     of Ethicon if, considering the undisputed facts, Ethicon is entitled to it. *See Liebling v.*
14
     *Novartis Pharma. Corp.*, No. CV 11-10263 MMM (MRWx), 2014 WL 12584383, at *3
15
     (C.D. Cal. March 6, 2014) (providing a collection of cases in which the courts granted
16
     summary judgment because of a failure to address undisputed facts). Yet when Mr.
17
     Morrow himself first experienced injury due to the loss of consortium is absent from the
18
     provided record, and Plaintiffs have failed to properly address Ethicon's assertion that his
19
     injuries began in 2002. *See* Dkt. 62 at 6–7.
20
          As accrual and the discovery rule are very fact-intensive, the Court does not wish
21
     to rule on the loss of consortium claim without a complete record. Pursuant to Rule
22

56(e)(1), the Court grants Plaintiffs leave to file "Plaintiffs' Statement of Material Facts" and any supporting evidence only as to the loss of consortium claim. *See Long v. Hartwig Transit, Inc.*, No. 1:11–cv–724–HJW, 2014 WL 127086, *5 (S.D. Ohio Jan. 13, 2014) ("Given the lack of clarity regarding the factual basis for this claim, the Court will not grant summary judgment at this time, and instead, will order plaintiff forthwith to file evidence, if any exists, that any further premiums were actually deducted," citing Fed.R.Evid. 56(e)(1)); *General Elec. Capital Corp. v. FPL Serv. Corp.*, 986 F. Supp. 2d 1029, 1041 (N.D. Iowa 2013) ("But, because GECC offers no admissible evidence that it resold the copiers in a commercially reasonable manner, I cannot grant summary judgment in favor of GECC on the issue of damages . . . . Still, with a little more evidence, it may be possible to resolve GECC's damages on summary judgment. Rule 56(e)(1) provides that, '[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact.' Thus, I will allow both parties 30 days from the date of this order to present additional declarations or other admissible evidence solely on the question of whether GECC resold the copiers in a commercially reasonable manner").

Therefore, it is hereby **ORDERED** that the Court reserves ruling on Ethicon's motion for summary judgment, Dkt. 62, and **GRANTS** Plaintiffs leave to file "Plaintiffs' Statement of Material Facts" and any supporting evidence only as to the loss of consortium claim no later than October 21, 2020. Ethicon may file a supplemental reply

1  no later than October 28, 2020. The Clerk shall renote Ethicon's motion for summary

2  judgment, Dkt. 62, for the Court's October 28, 2020 calendar.

3      Dated this 14th day of October, 2020.

4

5

6      BENJAMIN H. SETTLE
       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22